STIDGER ET AL. v. THE CITY OF RED OAK.

1. **Cities and Towns:** PUBLICATION OF COUNCIL PROCEEDINGS AT COST OF CITY: NO WARRANT FOR. A city council has no power to contract for the publication of its general proceedings at the cost of the city, and the owner of a newspaper publishing such proceedings at the instance of the council cannot recover therefor against the city.

*Appeal from Montgomery District Court.*

THURSDAY, OCTOBER 9.

PLAINTIFFS allege in their petition that they are the publishers of a newspaper in the city of Red Oak, and that, at the instance and request of defendant, they published in their said newspaper the report of the city clerk on the system of water works constructed by the city, and that said report amounted to four hundred and seventeen squares, and that the value of publishing the same was one dollar per square. A demurrer to the petition was sustained by the district court, and, plaintiffs electing to stand on the same, and refus-

ing to amend or plead further, judgment was rendered against them, from which they appeal.

*W. S. Strawn*,  for appellants.

*B. W. Beem & Smith McPherson*, for appellee.

REED, J.—The ground of the demurrer to the petition was, that neither the defendant nor any of its officers had any power to make the contract sued on, and that defendant is not bound thereby. The resolution of the city council, under which the work in question was done, is set out in the petition, and it indicates that the report which plaintiffs published was a report made to the council by the city clerk on the construction of the system of water works. It does not appear what the object of this report was, or what particular information was embraced in or communicated by it. The city had the power to erect the system of water works. Code, § 471. And, as the city council were charged with the duty of providing for the work, and of making all needful rules and regulations for the government and operation of the system of works after its construction, they had the right, undoubtedly, to require the clerk to collect and communicate to them any facts or information which might be essential to the proper discharge by them of their duties. In the absence of all showing on the subject, we will presume that the report in question was made by the clerk in the proper *discharge* of some duty imposed on him by the council.

But, while the council had the power to require the report to be made, it does not follow that they had the power to contract for its publication at the cost of the city. It is not contended that there is any express statutory authority for the expenditure of the moneys of the corporation for such purposes; but appellant's claim is that, as the report was made by direction of the council, and received by them, they might lawfully publish it as part of their own proceedings. But the answer to this position is, that the council have no express

power to contract for the publication of their general proceedings at the cost of the city. ·It is true, they are required to publish such ordinances as they may enact. (Code, §§ 482 and 492.) But our attention has not been called to any provision of the statute requiring them to publish the journal of their proceedings, nor is it claimed that there is any such provision. And we think there is no implied power for contracting an indebtedness for such purpose.

The power contended for is not essential to the proper exercise of any of the powers expressly conferred on the corporation, nor is it properly an incident to any of those powers. The holding of the district court, then, was in accord with the well settled rule on the subject. The judgment is, therefore,

AFFIRMED.